UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRIS MOSQUERA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 11-950 (RCL) |
| HILDA SOLIS, in her official capacity as Secretary of Labor | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Secretary of Labor Hilda Solis ("the Secretary") has moved to dismiss plaintiff Chris Mosquera's complaint or alternatively for summary judgment. Def.'s Mot., ECF No. 10. The Court will GRANT the motion to dismiss.

**I.     BACKGROUND**

On January 21, 2009, a final rule (the "January 2009 rule" or the "rescinded rule") was published requiring labor unions to disclose additional information in their financial reports filed annually with the Department of Labor pursuant to Section 208 of the Labor-Management Disclosure and Reporting Act of 1959 ("LMRDA" or "the Act"), Pub. L. 86-257, 73 Stat. 529, 29 U.S.C. § 438.  *See* 74 Fed. Reg. 3678 (Jan. 21, 2009).   The rule was originally set to take effect on February 20, but that date was twice postponed: first to April; then to October.  74 Fed. Reg. 7814 (Feb. 20, 2009); 74 Fed. Reg. 18,132 (Apr. 21, 2009).  Before it took effect, and after notice and comment rulemaking, the Secretary promulgated a rule relying on the same statutory authority rescinding the January 2009 rule.  74 Fed. Reg. 52,401-02.

Mr. Mosquera, a member of a labor union affected by the regulation, Compl. ¶ 4, asserts that the rescinding rule "exceed[ed the Secretary's] statutory authority under . . . § 208 of the LMRDA," and is therefore unlawful under 5 U.S.C. § 706(2)(C), which prohibits agency actions that are "in excess of statutory . . . authority. . . ."[1]  *See* Compl. ¶¶ 11-12.

## III.    LEGAL STANDARD

The sole issue presented is whether the Secretary exceeded her statutory authority under the LMRDA by rescinding the January 2009 rule in violation of § 706(2)(C).  The two-part inquiry of *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) governs the review of an agency's interpretation of its authority under a statute.  First, the Court must determine "whether Congress has directly spoken to the precise question at issue." *Id.* at 842.  "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43.  Second, if "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.

## IV.    ANALYSIS

The LMRDA requires unions to file annual financial reports with the Secretary.  *See* 29 U.S.C. § 431(b).   Section 201(b) of the Act provides outlines for what information should be contained in these reports, and gives the Secretary authority to "prescribe" categories for

---

[1] Mr. Mosquera's Complaint also cites, without explanation or elaboration, § 706(2)(A), which prohibits agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See Compl. ¶ 12.  It is doubtful that such a bare, conclusory allegation states a claim upon which relief could be granted. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-60 (2007). However, the Court need not address this question as Mr. Mosquera failed to respond to the Secretary's motion to dismiss this claim. *See* Pl.'s Opp'n iii (table of authorities contains only § 706(2)(C), not § 706(2)(A)); *id.* at 2 (listing, as a single "issue presented," the claim that the Secretary exceeded her statutory authority); *id*. at 16 (concluding the brief and referring only to § 706(2)(C), not § 706(2)(A)).  The Court finds that whatever claim Mr. Mosquera might have asserted based on § 706(2)(A) has been conceded and will be dismissed.

disclosure.[2] *Id.* Section 208 of the Act provides the Secretary with authority to "issue, amend, and rescind rules and regulations prescribing the form" of these reports. That section provides:

> The Secretary shall have authority to issue, amend, and rescind rules and regulations prescribing the form and publication of reports required to be filed under this title and such other reasonable rules and regulations (including rules prescribing reports concerning trusts in which a labor organization is interested) as he may find necessary to prevent the circumvention or evasion of such reporting requirements. In exercising his power under this section the Secretary shall prescribe by general rule simplified reports for labor organizations or employers for whom he finds that by virtue of their size a detailed report would be unduly burdensome, but the Secretary may revoke such provision for simplified forms of any labor organization or employer if he determines, after such investigation as he deems proper and due notice and opportunity for a hearing, that the purposes of this section would be served thereby.

29 U.S.C. § 438.

---

[2] The subsection provides, in full:

> Every labor organization shall file annually with the Secretary a financial report signed by its president and treasurer or corresponding principal officers containing the following information in such detail as may be necessary accurately to disclose its financial condition and operations for its preceding fiscal year—
>
> (1) assets and liabilities at the beginning and end of the fiscal year;
>
> (2) receipts of any kind and the sources thereof;
>
> (3) salary, allowances, and other direct or indirect disbursements (including reimbursed expenses) to each officer and also to each employee who, during such fiscal year, received more than $10,000 in the aggregate from such labor organization and any other labor organization affiliated with it or with which it is affiliated, or which is affiliated with the same national or international labor organization;
>
> (4) direct and indirect loans made to any officer, employee, or member, which aggregated more than $250 during the fiscal year, together with a statement of the purpose, security, if any, and arrangements for repayment;
>
> (5) direct and indirect loans to any business enterprise, together with a statement of the purpose, security, if any, and arrangements for repayment; and
>
> (6) other disbursements made by it including the purposes thereof;
>
> all in such categories as the Secretary may prescribe.

29 U.S.C. § 431(b).

The first clause of this subsection's first sentence gives the Secretary "authority to issue, amend, and *rescind* rules and regulations prescribing the form and publication of reports required to be filed under this title . . . ." *Id.* (emphasis added).  Here, the Secretary rescinded the 2009 rule, which "prescribed the form . . . of reports required to be filed under this title."

Mr. Mosquera argues that the final phrase of the provision's first sentence limits the authority granted in the first clause; that the Secretary's power to "rescind . . . rules . . . prescribing the form . . . of reports required to be filed under this title" may only be exercised where the Secretary "find[s] [it] necessary to prevent the circumvention or evasion" of the reporting requirements.  *See* Pl.'s Opp'n 3.  He claims, in other words, that § 208 operates as a one-way ratchet.

This interpretation is not warranted.  Though it is ambiguous whether the restriction imposed in the final phrase modifies the whole sentence or only the second clause, which it follows directly, Congress's decision to grant the Secretary power not only to "issue" rules but also "rescind" them implies an intent to give her the authority to adjust reporting requirements both upwards and downwards.  Imposing the final phrase's restriction on the first phrase's grant of power would eviscerate the Secretary's "rescind[ing]" power; if all promulgated rules serve to increase disclosure obligations (as they must under Mr. Mosquera's interpretation), the Secretary would be effectively stripped of her authority to rescind any rule.  Reading the limitation of the final phrase as applying only to the second clause is bolstered by the statute's grant in section 201(b) to the Secretary of the power to "prescribe" "categories" of reporting obligations to impose on unions.  *See* 29 U.S.C. § 431(b) ("Every labor organization shall file annually with the Secretary a financial report" containing six enumerated categories of information "in such detail as may be necessary accurately to disclose its financial condition and operations for its preceding

4

fiscal year . . . *all in such categories as the Secretary may prescribe*." (emphasis added)). An interpretation that allowed the Secretary to *only* increase these requirements is unwarranted in light of the discretion afforded the Secretary by section 201.

Mr. Mosquera is incorrect that the Secretary's reading would render superfluous the second sentence of § 208 which empowers the Secretary to "prescribe by general rule simplified reports for labor organizations or employers for whom he finds that by virtue of their size a detailed report would be unduly burdensome." Pl.'s Opp'n 4; 29 U.S.C. § 438. The second sentence of § 208 gives the Secretary the authority to create a multi-tiered system under which unions of different sizes are subject to different reporting rules, and is not superfluous. *See AFL-CIO v. Chao*, 409 F.3d 377, 379-80 (D.C. Cir. 2005) (describing the multi-tiered scheme).

Nor is the D.C. Circuit's opinion in *AFL-CIO v. Chao* to the contrary. 409 F.3d 377. In that case, the court upheld a rule imposing more stringent reporting requirements on unions against a § 706(2)(C) challenge, as a valid exercise of the Secretary's authority the Act. *Id.* at 386. The court, in upholding the action as a reasonable interpretation of the statute under *Chevron* step two, held that "section 201(b) authorizes the Secretary to require information 'in such detail' 'in such categories,' but only for the purpose of 'accurately . . . disclos[ing] [a union's] financial conditions and operations." *Id.* (quoting 29 U.S.C. § 431(b)). But, the opinion says nothing about the Secretary's authority to "rescind" rules under section 208, and does not control here.

Mr. Mosquera has failed under *Chevron* step one to show that "Congress has directly spoken to the precise question at issue" by limiting the Secretary's the power to "rescind" rules in the manner he proposes. *Chevron*, 467 U.S. at 842-43. Under *Chevron* step two, in light of the ample statutory support for her actions reviewed above, the Secretary is entitled to deference

as her actions were "based on a permissible construction of the statute." *Id.* at 843. Mr. Mosquera's APA § 706(2)(C) claim fails, and his Complaint fails to state a claim upon which relief can be granted and will be dismissed.

## V.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Secretary's motion to dismiss. An Order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on February 19, 2013.